Filed 8/17/20  Marriage of Rostam CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of SHARLET and JOSEPH SARGIS ROSTAM. | |
| SHARLET ROSTAM, | F078352 |
| Respondent, | (Super. Ct. No. 430651) |
| v. | |
| JOSEPH SARGIS ROSTAM, | **OPINION** |
| Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Kenneth J. Hara, Commissioner.

Joseph Sargis Rostam, in pro. per., for Appellant.

No appearance for Respondent.

-ooOoo-

## FACTUAL AND PROCEDURAL BACKGROUND

Father appeals from an order entered on his request to modify child support. Father filed his request for order on October 10, 2018.  It included a request for an order shortening time for the hearing.  The trial court granted the request to shorten time and

---

[*]    Before Hill, P.J., Poochigian, J. and Smith, J.

set the hearing for October 31, 2018. It ordered father to serve the request on mother by personal service by October 22, 2018.

The matter was heard on October 31, 2018, and the trial court issued its order, which stated: "Matter is dropped due to non-service by the moving party. [¶] Matter was served by mail and untimely. [¶] Respondent requested Order Shortening Time and court so approved with personal service required." Father appeals from that order. No respondent's brief has been filed.

## DISCUSSION

On appeal, the judgment is presumed correct and the burden is on the appellant to affirmatively demonstrate error. (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.) An appellant's brief must "[p]rovide a summary of the significant facts limited to matters in the record" (Cal. Rules of Court, rule 8.204(a)(2)(C)), and support each reference to a matter in the record by citation to the page of the record on which it appears (Cal. Rules of Court, rule 8.204(a)(1)(C)). The appellant must raise claims of reversible error and present argument and authority on each point made. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) The appellant also bears the burden of providing an adequate record to demonstrate the claimed error. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)

In the first two paragraphs of father's brief, he asserts that, on October 30, 2018, the trial court denied his request for reduction of support, and "[t]he denial was based on the service which was performed timely and expeditiously." He does not cite this court to anything in the record demonstrating that service of the request for order on mother was proper and timely. The record does not contain a proof of service of the October 10, 2018 request for order.

The remainder of father's brief contains many factual assertions, unsupported by any reference to the record, and citations to legal authorities that do not appear to address the timeliness or propriety of service of father's request for order. Consequently, father

has not demonstrated any error in the trial court's order taking the matter off calendar due to father's failure to properly serve the request for order.

Our task on appeal is to review the proceedings in the trial court for legal error. (*Uriarte v. United States Pipe & Foundry Co*. (1996) 51 Cal.App.4th 780, 791.) We are limited to consideration of facts and matters contained in the record on appeal. (Cal. Rules of Court, rule 8.204(a)(2)(C); *Citizens Opposing a Dangerous Environment v. County of Kern* (2014) 228 Cal.App.4th 360, 366, fn. 8.) An appellant must establish error, not by merely asserting there was error, but by identifying the error, citing the applicable law, and showing where in the record the error occurred. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) We are constrained to follow these rules in deciding the appeals before us.

## DISPOSITION

The order appealed from is affirmed. Respondent made no appearance; therefore, no costs will be awarded.

3.